1  STEPHEN C. KENNEY (Bar #053883)
   DONALD B. MacDOUGALL (Bar #124620)
2  KENNEY & MARKOWITZ L.L.P.
   255 California Street, Suite 1300
3  San Francisco, California 94111
   Telephone:  (415) 397-3100
4  Facsimile:  (415) 397-3170

5  Attorneys for Defendants
   NORTHWEST AIRLINES, INC. and
6  NORTHWEST AIRLINES CORPORATION

7

8

9                    UNITED STATES DISTRICT COURT

10             FOR THE NORTHERN DISTRICT OF CALIFORNIA

11              SAN FRANCISCO DIVISION - ECF PROGRAM

12

| | |
|---|---|
| ARSHAD CHOWDHURY, | Case No.  C 02-2665 CRB |
| Plaintiff, | **NOTICE OF MOTION AND MOTION OF DEFENDANT NORTHWEST AIRLINES CORPORATION FOR SUMMARY JUDGMENT** |
| v. | (Fed.R.Civ.P. 56) |
| NORTHWEST AIRLINES CORPORATION and NORTHWEST AIRLINES, INCORPORATED, | **DATE:** April 11, 2003 **TIME:** 10:00 a.m. **DEPT:** Courtroom 8 The Honorable Charles R. Breyer |
| Defendants. | |
| | **LOCATION:** 450 Golden Gate Ave. San Francisco, CA |

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF CONTENTS</u>

<u>**Page**</u>

I.　NOTICE OF MOTION AND MOTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.　THE GOVERNING LEGAL STANDARD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

III.　PROCEDURAL AND FACTUAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

　　A.　Procedural History . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

　　B.　Factual Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

IV.　SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

V.　LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

　　A.　Northwest Airlines Corporation Has No Direct Liability . . . . . . . . . . . . . . . . . . . . . 3

　　B.　No Facts, Pled or Otherwise, Support Piercing the Corporate Veil . . . . . . . . . . . . . . 4

　　　　1.　The Standard for Piercing the Corporate Veil . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

　　　　2.　As a Matter of Law, the Subsidiary Airline is
　　　　　　Not the Alter Ego of the Parent Company . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

　　　　3.　Plaintiff Will Suffer No Injustice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

　　　　4.　There is No Fraudulent Intent of the Incorporators . . . . . . . . . . . . . . . . . . . . . . . 6

VI.　CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

31199.301596 0096334.WPD

-i-

## TABLE OF AUTHORITIES

**Page**

## CASES

*Board of Trustees of the Mill Cabinet Pension Trust
Fund for Northern California v. Valley Cabinet & Mfg, Co.*
877 F.2d 769 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Celotex Corp. v. Catrett*
477 U.S. 317 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Matsushita Elec. Indus. Co. v Zenith Radio Corp.*
475 U.S. 574 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Mesler v. Bragg Management Company*
39 Cal.3d. 290, 216 Cal. Rptr. 443 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Ministry of Defense of the Islamic Republic of Iran v. Gould, Inc.*
969 F.2d 764 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*National Labor Relations Board v. Greater Kansas City Roofing*
2 F.3d 1047 (10th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-

*Seymour v. Hull & Moreland Engineering*
605 F.2d 1105 (9th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Triton Energy Corp. v. Square D Co.*
68 F.3d 1216 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

## STATUTES

14 CFR §119.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

14 CFR §119.33(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

14 CFR §119.36 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

14 CFR §119.65 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

Federal Rule of Civil Procedure 12(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Federal Rule of Civil Procedure 56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

31199.301596 0096334.WPD

1

## I.  NOTICE OF MOTION AND MOTION

2     **NOTICE IS HEREBY GIVEN** that on Friday, April 11, 2003, at 10:00 a.m. or as soon

3  thereafter as counsel may be heard by the above-entitled Court, located in Courtroom 8, the Honorable

4  Charles R. Breyer presiding, 450 Golden Gate Avenue, San Francisco, California, defendant Northwest

5  Airlines Corporation (hereinafter "NWA Corp.") will and hereby does move the Court for summary

6  judgment, pursuant to Federal Rule of Civil Procedure 56, on the ground that plaintiff has pled no facts to

7  support piercing the corporate veil, and NWA Corp. is not the operating airline entity by operation of law.

8     This motion is based on this notice of motion and motion, as well as the memorandum of points and

9  authorities which follows, the request for judicial notice filed concurrently herewith and incorporated

10  herein by reference as if set forth in full, all pleadings and papers on file in this action, and upon such other

11  matters as may be presented to the Court at the time of the hearing.

12

## MEMORANDUM OF POINTS AND AUTHORITIES

13

## II.   THE GOVERNING LEGAL STANDARD

14     Summary judgment should be granted when "there is no genuine issue as to any material fact and

15  ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.Pro. 56(c).  The moving party

16  need only show the absence of any genuine dispute of material fact supporting the nonmoving party's

17  claims. *Celotex Corp. v. Catrett,*  477 U.S. 317, 322 (1986).  Summary judgment is appropriate if the

18  nonmoving party fails to make a significant showing of facts on any essential element upon which the

19  nonmoving party bears the burden of proof at trial. *Id.*  To avoid summary judgment, the nonmoving party

20  must offer substantial evidence on which a jury could render a verdict in its favor. *Triton Energy Corp.*

21  *v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995); *see also Matsushita Elec. Indus. Co. v Zenith Radio*

22  *Corp.,* 475 U.S. 574, 586 (1986) (nonmoving party must show more than metaphysical doubt about the

23  facts).

24     Plaintiff has offered no evidence, nor even alleged such facts which would support holding NWA

25  Corp., the parent company of Northwest Airlines, Inc. ("Northwest"), to be the alter ego or otherwise

26  holding it vicariously liable for any acts or omissions of its subsidiary airline.  No facts have been alleged

27  that would allow a jury to find that NWA Corp. had direct operational control and hence any direct

28

31199.301596 0096334.WPD

1  liability.   The facts, as alleged, concern strictly the operating air carrier.  As a matter of law, Northwest

2  is the operating air carrier as it holds the Air Carrier Certificate and its personnel are, by FAA regulations,

3  responsible for the operation of the airline.  As such, NWA Corp., the parent company, is entitled to

4  summary judgment as a matter of law.

5  <center>**III.   PROCEDURAL AND FACTUAL HISTORY**</center>

6      **A.      Procedural History**

7      This action was filed on June 4, 2002, in the United States District Court for the Northern District

8  of California.  An amended complaint ("Complaint") was filed on June 28, 2002.  Northwest and NWA

9  Corp. separately answered the Complaint.  NWA Corp. now comes before the Court and asks that this

10 action be dismissed as to itself as the improperly named parent corporation.

11     **B.      Factual Background**

12     On October 23, 2001, during pre-boarding procedures, a Northwest employee noted a similarity

13 between plaintiff's name and a name on a security related list. Complaint at ¶15.  Security personnel were

14 alerted. *Id.*  A Northwest employee "proceeded down the jetway" to notify the crew, implying that the pilot

15 had no contact with plaintiff. Complaint at ¶16.  Local security personnel and FBI agents investigated.

16 Complaint at ¶19.  The flight departed to Detroit without plaintiff.  Complaint at ¶3.  Plaintiff was

17 eventually cleared as not being a security threat. Complaint at ¶23.   Northwest paid to fly plaintiff on a

18 U•S Airways flight in order to fulfill Northwest's obligation to deliver  plaintiff to Pittsburgh on time.

19 Complaint at ¶26. Plaintiff does not allege that he was delayed in reaching his destination.  Plaintiff does

20 not allege that Northwest breached its contract to deliver him to Pittsburgh by a certain time.  Plaintiff does

21 not allege that he had any contact with the pilot who allegedly discriminated against him.

22     Plaintiff does allege that on November 20, 2001, a U•S Airways  gate agent allegedly told plaintiff

23 that his name was on a list. Complaint at ¶32.  The U•S Airways gate agent allegedly removed the name

24 after getting permission from the FBI. Complaint at ¶34.  Plaintiff does not allege that this delayed his

25 planned travel that day, or ever.

26 ///

27 ///

28

<center>-2-</center>

31199.301596 0096334.WPD

## IV. **SUMMARY OF ARGUMENT**

Plaintiff has named as defendants the parent corporation, NWA Corp., as well as the operating subsidiary, Northwest. Plaintiff's inclusion in the Complaint of the parent corporation is improper in that plaintiff has pled no facts to suggest that the parent could have direct liability, and plaintiff has pled no facts to support piercing the corporate veil. By law, Northwest is responsible for the operation of the airline in accordance with the Federal Aviation Regulations. Plaintiff's Complaint relates only to operational aspects of the airline. Further, plaintiff has not shown and cannot show that these two corporations were established and maintained in some sort of fraudulent manner or that some injustice would befall him if he cannot hold the parent company in this action. The facts and the allegations do not describe an action where the damages could exceed the available insurance and any injunctive relief would be necessarily directed to the operating entity, Northwest, the airline. Under the circumstances, summary judgment in favor of NWA Corp. should be granted, as a matter of law.

## V. **LEGAL ARGUMENT**

### A. **Northwest Airlines Corporation Has No Direct Liability**

NWA Corp. is incorporated in the State of Delaware and is the parent company of Northwest. See Exhibit "A" to the request for judicial notice ("Request for Judicial Notice") filed concurrently herewith and incorporated herein by reference as if set forth in full Northwest is incorporated in the State of Minnesota. Since December 27, 1946, Northwest has been, and remains, the holder of Air Carrier Certificate No. NWAA301A. See Exhibit "B" to the Request for Judicial Notice. It is by virtue of such certificate that an airline is allowed to operate. 14 CFR §119.33(a). Federal Aviation Regulations specify the individuals who have operational control of the airline. 14 CFR §119.65. All individuals having operational control over the airline operations of Northwest are bound to the airline, not the parent corporation as a matter of FAA regulation. *Id.* Under the circumstances, all liabilities arising from the operation of the airline are solely borne by Northwest and its insurance carrier.

///

///

///

1    Plaintiff has pled no facts to implicate NWA Corp.   Plaintiff complains of discrimination by

2    Northwest because he was not allowed to board a particular flight. Complaint at ¶3, 28.   Plaintiff also

3    alleges wrong-doing by Northwest with respect to an unspecified list. Complaint at ¶31.   Plaintiff

4    complains of the manner in which he alleges he was treated by Northwest in connection with a security

5    check. Complaint at ¶19, 20, 22.   These allegations clearly implicate the operations of the airline,

6    Northwest.   The decision of an airline captain and the manner in which security checks and lists are

7    handled are all governed by the same body of regulations as those establishing that operational control rests

8    with the holder of the Air Carrier Certificate.[1]   Any duty owed plaintiff was owed by the operating airline,

9    Northwest, not the parent company, NWA Corp.

10    **B.    No Facts, Pled or Otherwise, Support Piercing the Corporate Veil**

11    **1.   The Standard for Piercing the Corporate Veil**

12    There is a threshold issue as to whether to apply state or federal standards to piercing the corporate

13    veil.  Standard diversity actions favor state standards regarding piercing the corporate veil where the legal

14    relationships are typically governed by state law. *Ministry of Defense of the Islamic Republic of Iran v.*

15    *Gould, Inc.*, 969 F.2d 764, 769 n.3 (9th Cir. 1992).   Where federal common law applies, the deciding court

16    should apply federal case law to determine whether the parent corporation is the alter ego of the subsidiary

17    such as would support disregarding the corporate form. *Board of Trustees of the Mill Cabinet Pension Trust*

18    *Fund for Northern California v. Valley Cabinet & Mfg, Co.,* 877 F.2d 769, 772 (9th Cir. 1989).   In this

19    matter, it is unnecessary to make the choice of law determination because neither state nor federal standards

20    would support piercing the corporate veil and "California law on piercing the corporate veil is substantially

21    similar to the rule announced in our cases." *Gould*, 969 F.2d at 769 n.3.

22    ///

23    ///

24

25

26    ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

27    [1] See 14 CFR Part 119 (With the passage of the Airline and Transportation Security Act of 2001, and the Homeland Security Act of 2002, some of the security regulations have been relocated to Title 49 of the Code of Federal Regulations from Title 14 of the Code of Federal Regulations which governs the operations of the airlines).

28

-4-
NOTICE OF MOTION & MOTION FOR SUMMARY JUDGMENT
OF DEFENDANT NORTHWEST AIRLINES CORPORATION ONLY
Case No.  C 02-2665 CRB

31199.301596 0096334.WPD

The California Supreme Court identified the two general requirements for piercing the corporate veil: "(1) that there be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist and (2) that, if the acts are treated as those of the corporation alone, an inequitable result would follow." *Mesler v. Bragg Management Company,* 39 Cal. 3d. 290, 216 Cal. Rptr. 443 (1985).

The Ninth Circuit identified the two primary elements to the doctrine of piercing the corporate veil. *Seymour v. Hull & Moreland Engineering,* 605 F.2d 1105, 1111 (9th Cir. 1979). "First, the court must find that there is such a unity of interest and ownership between the corporation and the shareholder that the two no longer exist as separate entities.  Second, it must be shown that failure to disregard the corporation would result in fraud or injustice." *Id.* (internal citations omitted).  The Ninth Circuit then articulated three factors to be examined  by a court in determining whether a parent company can be held liable for debts of a subsidiary. *Id.*  The first is "the amount of respect given to the separate identity of the corporation by its shareholders." *Id.*  The second is "the degree of injustice visited on the litigants by recognition of the corporate entity." *Id.*  The third is "the fraudulent intent of the incorporators." *Id.*

Under the circumstances, as described below, the doctrine of piercing the corporate veil does not apply to this case.  Further, the three factors identified by the Ninth Circuit in *Seymour* are not satisfied to warrant holding NWA Corp. responsible for the debts and liabilities, if any, of the subsidiary airline, Northwest.

### 2.  As a Matter of Law, the Subsidiary Airline is Not the Alter Ego of the Parent Company

Using the lens fashioned by the Ninth Circuit in *Seymour,* it is clear that plaintiff has alleged no facts, and can allege no facts, which would support piercing the corporate veil between Northwest and NWA Corp.  Plaintiff does not allege that there is overlap of the operating structure and control between the parent corporation and the subsidiary airline.  The Federal Aviation Regulations ensure that the entity which holds the Air Carrier Certificate has operational control. 14 CFR §§119.5, 119.36, 119.65.  The regulations accomplish this by licensing the organization and designating certain people as having operational control. *Id.*  Plaintiff alleges that he was denied boarding. Complaint at ¶28.  This is

31199.301596 0096334.WPD

intrinsically an operational decision.  Plaintiff alleges that the Northwest captain discriminated against him, which Northwest denies.  *Id*.  The captain reports to the Chief Pilot and ultimately to the Director of Operations.  As a matter of law, the subsidiary airline is not the alter ego of the parent company, based on the Federal Aviation Regulations.

### 3. **Plaintiff Will Suffer No Injustice**

Further, plaintiff has alleged no facts to support an inference that any injustice will be visited upon him by recognizing the doctrine of limited liability as it applies to the parent company, NWA Corp. Plaintiff seeks damages and injunctive relief requiring Northwest to obey federal law with respect to its airline operations.  Insurance is available to cover any judgment for alleged damages plaintiff could conceivably recover.  See Exhibit "C" to the Request for Judicial Notice.  Any injunction, if appropriate, that this Court may issue regarding the operation of the airline will of necessity be directed at the subsidiary airline, not the parent company. Plaintiff can allege no facts which support even the merest hint of injustice if NWA Corp., as the parent company, were dismissed.

### 4. **There is No Fraudulent Intent of the Incorporators**

Plaintiff alleges no facts to suggest that NWA Corp., as the holding company, had any fraudulent intent in structuring the entire entity to utilize a holding company which operates several separate, but related, business entities.

"The insulation of a stockholder from the debts and obligations of his corporation is the norm, not the exception." *National Labor Relations Board v. Greater Kansas City Roofing,* 2 F.3d 1047, 1051 (10th Cir. 1993).  "Piercing the corporate veil is an equitable action and as such is reserved for situations where some impropriety or injustice is evident." *Id.*   Plaintiff has not and cannot allege that an injustice would be visited upon him if NWA Corp. were to be dismissed from this action.   This Court should streamline the issues in this litigation by granting NWA Corp.'s motion for summary judgment, leaving Northwest, the operating airline, as the sole defendant.

///

///

///

# VI. CONCLUSION

The facts alleged and the claims in plaintiff's Complaint center upon the refusal to board plaintiff on one of Northwest's flights. These are by definition operational issues. The Northwest captain who allegedly made the determination not to delay the flight, hence leaving plaintiff at the gate, is clearly an employee of the airline, as a matter of law. Northwest is the operating entity which holds the Air Carrier Certificate and hence the responsibility for all airline operations, as a matter of law. NWA Corp. is merely the holding company which owns the operating airline and other related companies. Plaintiff has alleged no facts to suggest that NWA Corp. as the holding company had any direct involvement or liability in this matter.

In certain circumstances, courts will pierce the corporate veil, thereby obviating the principle of limited liability. However, this is only done where there is a unity of interest *and* prejudice would result to the plaintiff if the wall between the parent and the subsidiary were breached. Plaintiff has not shown, and cannot show, any prejudice. Any amount of money to which plaintiff believes he is entitled is more than covered by insurance. Plaintiff has pled nothing to the contrary. This is dispositive to the issue of rendering summary judgment in favor of the parent company, NWA Corp. Plaintiff's failure and inability to plead any facts suggesting a unity of interest such as to support piercing the corporate veil is also fatal to a finding of any liability as to the holding company, NWA Corp.

Based on all of the foregoing, defendant Northwest Airlines Corporation respectfully asks this Court to render summary judgment in its favor, as a matter of law.

DATED: February ___, 2003                KENNEY & MARKOWITZ L.L.P.


By:_____
    STEPHEN C. KENNEY
    DONALD B. MacDOUGALL
    Attorneys for Defendants
    NORTHWEST AIRLINES, INC.
    and NORTHWEST AIRLINES
    CORPORATION

31199.301596 0096334.WPD

*Chowdhury v. Northwest Airlines Corp., et al.*
U.S.D.C., Northern District Court No: C 02-02665 CRB

**PROOF OF SERVICE**
[C.C.P.§2009]

I, the undersigned, state:

I am a citizen of the United States. My business address is 255 California Street, Suite 1300, San Francisco, California 94111. I am employed in the City and County of San Francisco. I am over the age of eighteen years and not a party to this action. On the date set forth below, I served the foregoing documents described as follows:

**NOTICE OF MOTION AND MOTION OF DEFENDANT NORTHWEST AIRLINES CORPORATION FOR SUMMARY JUDGMENT (Fed.R.Civ.P. 56)**

on the following person(s) in this action by placing a true copy there of enclosed in a sealed envelope addressed as follows:

Christy E. Lopez, Esq.
Kelli M. Evans, Esq.
RELMAN & ASSOCIATES
1350 Connecticut Avenue, N.W., Ste. 304
Washington, D.C. 20036

Jayashri Srikantiah, Esq.
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION OF NORTHERN CALIFORNIA
1663 Mission Street, Ste. 460
San Francisco, CA 94103

[x]   <u>BY FIRST CLASS MAIL</u> - I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service, to-wit, that correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business. I sealed said envelope and placed it for collection and mailing this date, following ordinary business practices.

[ ]   <u>BY PERSONAL SERVICE</u> - Following ordinary business I caused the aforementioned document to be served, by hand delivery this date to the offices of the addressee(s).

[ ]   <u>BY OVERNIGHT MAIL</u> - I caused such envelope to be delivered by a commercial carrier service for overnight delivery to the office(s) of the addressee(s).

[ ]   <u>BY FACSIMILE</u> - I caused said document to be transmitted by Facsimile machine to the number indicated after the address(es) noted above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this date in San Francisco, California.

Dated: February ___, 2003

_____
JANIE CROWLEY

31199.301596 0096334.WPD